SCHOOLS
Under the provisions of 70 O.S. 18-113 [70-18-113] (1978), a school district may not divide the total number of students by the total number of teachers in order to determine existing class sizes pursuant to the statutory class size limitations. The determination of permissible class size under this section is based upon the total number of students in any given class or classrooms. Under this same section, it would be inappropriate to utilize as a computation factor physical education teachers, music teacher, etc., in the computation of class sizes in grades seven through nine for the reason that class size limitations are not applicable to these courses of study in these grades. In grades one through six, physical education teachers, music teachers, etc., may be considered in determining proper class size only under circumstances wherein more than one teacher is regularly assigned to the particular class under consideration. If there is no more than one teacher regularly assigned to such class, for these purposes, proper class size computation must be based upon the number of students within the particular class. Under 70 O.S. 18-113 [70-18-113] the term "class" refers to each individual class or classroom and does not refer to an entire class of students, by grade category. Under the provision of this section, the State Board of Education is required to not include those students which exceed the class size limitation in calculations of average daily attendance of the school district for purposes of computing state aid. In determining proper class size in grades seven through nine, each individual class or classroom must be given consideration notwithstanding assumptions with respect to class size in any particular class. Under the provisions of 70 O.S. 18-113 [70-18-113], a school district does not have the option of choosing not to participate in class size reductions to avoid the penalty of loss of revenue. The respective class size requirements of law do not exist as a matter of voluntary participation but are rather equally applicable to all school districts. The Attorney General has considered your request for an opinion wherein you ask the following questions: "1. May school districts divide total numbers of students by total numbers of teachers to obtain class sizes pursuant to the statutory class size limitations? "2. May school districts use physical education teachers, music teachers, etc., in their computation of class sizes? "3. Does the term 'class' in the statute refer to an entire class of students, i.e., 'senior class', or does it refer to each individual classroom? "4. In classes which are over the legal limit, shall the State Board of Education penalize the school districts for all students in the overcrowded class or merely penalize them for the number of students over the limit? "5. In determining class sizes in grades 7 through 9, may a district monitor class size for only homeroom classes and assume the class size for all other class hours? "6. Can school districts choose not to 'participate' in class size reductions to avoid the penalty of loss of revenue?" All of the above-quoted questions arise under the provisions of 70 O.S. 18-113 [70-18-113] (1978). This section, prescribing certain maximum sizes for elementary and secondary public schools provides: "A. For the school years hereinafter indicated no child enrolled in grades one through six shall be included in the average daily attendance of a school district for the purpose of computing and paying Foundation Program Aid or Incentive Aid if that child is, during the school year indicated, regularly assigned to a class that includes more than the number of children hereinafter set forth for the school years indicated: ". . . "4. for the school year 1974-1975 and thereafter, more than 25 students per class or per teacher if more than one teacher is regularly assigned to the class; provided that school districts which, at the beginning of the school year, do not have sufficient classrooms to meet the twenty-five-student-teacher ratio, as determined by guidelines established by the State Board of Education, to enable them to reduce class size to the maximum number required herein and which have voted indebtedness through the issuance of bonds or approval by voters of issuance of new bonds for more than eighty-five percent (85%) of the maximum allowable under Article X, Section 26 of the Oklahoma Constitution as shown on the school district budget filed with the State Equalization Board for the current school year and certifications by the Attorney General prior to February 1 of the current school year and which on the date of filing of the school district budget with the State Equalization Board for the current school year and certifications by the Attorney General prior to February 1 of the current school year and which on the date of filing of the school district budget with the State Equalization Board are voting the maximum millage allowable for the support, maintenance, and construction of schools as provided in Article X, Section 9(a), (c), (d) and (d-1), and Article X, Section 10 of the Oklahoma Constitution shall not be penalized for failure to reduce class size. "B. Provided, however, for the school years hereinafter indicated no child enrolled in grades seven through nine shall be included in the average daily attendance of a school district for the purpose of computing and paying Foundation Program Aid or Incentive Aid if that child is, during the school year indicated, regularly assigned to any class, except those specified below, that includes more than the number of children hereinafter set forth for the years indicated: ". . . "4. for the school year 1974-1975, and thereafter, more than 36 students per class or per teacher if more than one teacher is regularly assigned to the class. "C. Provided, however, that classes in the following subjects will not be subject to the limitations on numbers of students per class set forth in subsection B: 1. physical education; 2. Music, vocal and instrumental; 3. art; 4. typing; or 5. vocational courses. "D. Provided, however, if, in adjusting the class size ratio set out above, based on the number of classes in each grade in the previous year, a district, using a five percent (5%) deviation factor under the maximum set out, cannot meet the obligation so specified, the State Department of Education shall allocate two-thirds (2/3) of the minimum salary to hire an additional teacher, which teacher must be used in the grade affected to reduce each class in said grade so that each said class shall be as nearly equal in number as possible. "E. If a grade has only one teacher, the above ratio shall not be required if the second class would be less than sixteen students, and the penalty provisions of this act shall not be applicable. "F. If there is more than one class per grade and, after using the proviso of subsection D, above, a school would have a class of less than sixteen, said students shall be equally divided in the remaining classes and the penalty provisions of this act shall not be applicable. "G. If a court has ordered a school district to group its grades as grades one through five, grades six through eight, and grades nine through twelve, then as to such district subsection A above shall apply to grades one through five rather than grades one through six, and subsection B above shall apply to grades six through eight rather than grades seven through nine." Your first question asks if a school district may divide the total number of students by the total number of teachers to obtain class sizes which comply with the statutory class size limitations. This question appears to address issues relating to the proper manner or basis for calculating class size to determine compliance or non-compliance with the statutory limitations. The subject provision does not expressly address calculations to determine existing class size, but rather makes reference to various bases for the requirements which we believe to be dispositive of the question. Subsection A of 70 O.S. 18-113 [70-18-113] generally refers to children "regularly assigned to a class". Other sections of this section repeatedly refer to "students per class or per teacher if more than one teacher is regularly assigned to the class." Subsection 4 of Subsection A makes reference to "sufficient classrooms to meet the . . . ratio." The various "class" and "classroom" references appearing within 70 O.S. 18-113 [70-18-113] leads us to the obvious conclusion that the class size limitations (in terms of permissible number of students per class) are limitations upon the number of students who may be assigned to any particular class, that is, subject matter class or classroom. The only exception to this, for calculation purposes, would be that the limitation may be on a student-per-teacher basis if, and only if, more than one teacher is regularly assigned to the particular subject matter class. In this instance, the limitation is the same but instead of being a per class limitation, the limitation is a per teacher limitation (in any given class). Accordingly, your first question must be answered in the negative. Dividing the total number of students by the total number of teachers, which would in effect result in average class size, could indirectly include specific classes or classrooms which exceed the per student limitations, thereby resulting in non-compliance with the respective class size restrictions. Thus, it can be seen that this manner of computation may not be utilized in determining permissible class size. Your second question asks if a school district may use physical education teachers, music teachers, etc., in their computation of class sizes. It would firstly appear that this question is, to an extent, answered by the conclusion reached with respect to your first question. In this connection we re-observe that teachers may only be used in connection with class size calculations under circumstances where there is more than one teacher regularly assigned to the particular class under consideration. We would secondly observe that Subsection C of the above quoted section essentially states that for purposes of grades seven through nine, classes in physical education, music, vocal and instrumental, art, typing and vocational courses are not subject to the class size limitations imposed by Subsection B. Accordingly, with respect to class size in these particular classes, that is subject matter classes, it would be unnecessary to consider the number of teachers in these classes for purposes of determining permissible class size. With respect to grades one through six, referred to in 70 O.S. 18-113 [70-18-113](A), there is no exemption with respect to class size in physical education and the other enumerated specified courses. Accordingly, the consideration of the number of teachers for these classes in these grades (one through six) would only be appropriate where there is more than one teacher regularly assigned to that particular class. Under these circumstances, districts could use physical education teachers, music teachers, etc., in their computation of class sizes. Again, with respect to the last mentioned classes in grades one through six, if there is not more than one teacher regularly assigned to such class, the permissible class size limitations may only be calculated upon the basis of the number of students in such class. Your third question asks if the term "class" in the above-quoted statute refers to an entire class of students, i.e., "senior class", or does it refer to each individual classroom. As stated, supra, the conclusion is inescapable that reference to the term "class" in the above-quoted statute refers to each individual classroom and not an entire class of students such as the senior, junior, sophomore or freshman class. For purposes of clarification on this conclusion, we observe as you are aware that the class size limitations are respectively imposed upon grades one through six and grades seven through nine and do not encompass grades ten, eleven and twelve. Your fourth question asks if the State Board of Education must penalize school districts in classes which are over the legal limit based upon all students in the overcrowded class or rather based upon the number of students over the respective limit. The penalty or substantive enforcement aspect of 70 O.S. 18-113 [70-18-113] is one in the form of not allowing school districts to include children in classes which exceed the limit in the average daily attendance of the district for purposes of computing and paying state aid for education. For example, 70 O.S. 18-113 [70-18-113](A) states, in part: "No child enrolled in grades one through six shall be included in the average daily attendance of a school district for the purpose of computing and paying foundation program aid or incentive aid if that child is . . . regularly assigned to a class that includes more than the number of children hereinafter set forth. . . ." The same substantive provision is found within Subsection B of this section which separately relates to grades seven through nine. A plain reading of the above-quoted statutory language reflects that the substantive penalty imposed for exceeding class size limitations is to not allow those particular students which are above and beyond the permissible limit to be included within average daily attendance calculations of the district. Accordingly, we would answer your fourth question by stating that the penalty, in the form of non-allowable ADA, relates to the number of students exceeding the class size limit and does not relate to all students within the overcrowded class. Your fifth question asks if a district, in determining permissible class sizes in grades seven through nine, may monitor class sizes for only homeroom classes and assume the class size for all other class hours as being within permissible limits. Clearly, under 70 O.S. 18-113 [70-18-113], there would appear to be no legal basis for assuming the existence of a particular class size within any particular class or classroom. As stated, supra, the requirements of class size pertain to each individual class or classroom, homeroom or otherwise. Accordingly, your fifth question may be answered in the negative. Your sixth question asks if a school district may choose not to participate in class reduction to avoid the penalty of loss of revenue. We find no basis in law for categorizing or considering the subject class size requirements of Section 18-113, to be in the nature of a voluntary program or project with respect to which a district may choose to participate or not participate. Summarily stated, the subject requirements are applicable to all school districts, those choosing to participate or otherwise, and for failure to comply with the class size limitations, 70 O.S. 18-113 [70-18-113] merely provides that those children which number above and beyond the permissible class size limit may not and shall not be included in the school district's calculations of average daily attendance for purposes of state aid. In this context, we do not view the statutory requirements to be voluntary nor such that districts may choose to participate or not participate in class size reductions to avoid the penalty of loss of revenue. Accordingly, your sixth question may be answered in the negative. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Under the provisions of 70 O.S. 18-113 [70-18-113] (1978), a school district may not divide the total number of students by the total number of teachers in order to determine existing class sizes pursuant to the statutory class size limitations. The determination of permissible class size under this section is based upon the total number of students in any given class or classroom. Under this same section, it would be inappropriate to utilize as a computation factor physical education teachers, music teachers, etc., in the computation of class sizes in grades seven through nine for the reason that class size limitations are not applicable to these courses of study in these grades. In grades one through six, physical education teachers, music teachers, etc., may be considered in determining proper class size only under circumstances wherein more than one teacher is regularly assigned to the particular class under consideration. If there is no more than one teacher regularly assigned to such class, for these purposes, proper class size computation must be based upon the number of students within the particular class. Under Section 18-113, the term "class" refers to each individual class or classroom and does not refer to an entire class of students, by grade category. Under the provisions of this section, the State Board of Education is required to not include those students which exceed the class size limitation in calculations of average daily attendance of the school district for purposes of computing state aid. In determining proper class size in grades seven through nine, each individual class or classroom must be given consideration notwithstanding assumptions with respect to class size in any particular class. Under the provisions of 70 O.S. 18-113 [70-18-113], a school district does not have the option of choosing not to participate in class size reductions to avoid the penalty of loss of revenue. The respective class size requirements of law do not exist as a matter of voluntary participation but are rather equally applicable to all school districts. (R. THOMAS LAY) (ksg)